Slip Op. 09-6

# UNITED STATES COURT OF INTERNATIONAL TRADE

THAI I-MEI FROZEN FOODS CO.,
LTD.,

　　　　　Plaintiff,

　　　　　v.

UNITED STATES,

　　　　　Defendant.

**Before: Timothy C. Stanceu, Judge**

**Court No. 05-00197**

## OPINION AND ORDER

[Allowing extension of time for filing of remand results and allowing plaintiff to re-file for the administrative record its previously-rejected submission]

　　　　　　　　　　　　　　　　　　　　Dated: January 21, 2009

　　　*Steptoe & Johnson LLP* (*Eric C. Emerson* and *Michael T. Gershberg*) for plaintiff.

　　　*Michael F. Hertz,* Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Stephen C. Tosini*); *Nithya Nagarajan*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

　　　Stanceu, Judge: Before the court is defendant's motion seeking a sixty-day extension of time, through and including February 23, 2009, for the filing of remand results by the International Trade Administration, United States Department of Commerce ("Commerce" or the "Department") in this litigation. *See* Def.'s Mot. for Extension of Time to File Remand Results ("Def.'s Mot."). Defendant requests this extension of time because it received additional information due to its reopening of the administrative record, because it intends to prepare, and

allow interested parties to comment on, draft remand results, and because it is under various time constraints. *Id.* at 1. Plaintiff Thai I-Mei Frozen Foods Co., Ltd. ("plaintiff" or "Thai I-Mei") does not consent to defendant's motion. *See* Pl.'s Resp. to Def.'s Mot. for Extension of Time to File Remand Results 1 ("Pl.'s Resp."). Plaintiff does not object to an extension of time for the filing of remand results but, in its response to defendant's motion, requests an order in which the court, in addition to allowing Commerce the requested extension, directs Commerce to admit to the administrative record certain factual information that Commerce has rejected in the course of the remand proceeding. *Id.* at 1.

In *Thai I-Mei Frozen Foods Co., Ltd. v. United States*, 32 CIT ___, Slip Op. 08-86 (Aug. 26, 2008) ("*Thai I-Mei II*"), the court remanded the Final Results of Redetermination Pursuant to Court Remand (June 11, 2007) to the Department with the directive to redetermine a constructed value profit rate for Thai I-Mei that is in accordance with law. *See Thai I-Mei II*, 32 CIT ___, Slip Op. 08-86 at 33-34. The court allowed, but did not require, Commerce to reopen the administrative record in the proceeding. *See id.* at 34. On remand, Commerce reopened the administrative record and allowed Thai I-Mei fourteen days to provide additional information for use in the calculation of a new constructed value profit rate. *See* Pl.'s Resp. 1. On October 20, 2008, both Thai I-Mei and the petitioner in the original investigation, Ad Hoc Shrimp Trade Action Committee (which is not a party to this case), submitted factual information for the administrative record. *Id.* at 1-2. Ten days later, Thai I-Mei submitted to Commerce what it describes as "additional factual information to clarify, rebut and correct the information submitted by the Domestic Industry." *Id.* at 2. According to plaintiff, Commerce rejected the factual portion of Thai I-Mei's October 30, 2008 submission on the ground that it was untimely

but allowed Thai I-Mei to resubmit, by November 10, 2008, the portion of its October 30 submission that contained only argumentation and allowed the petitioner the opportunity to submit rebuttal comments, also by November 10, 2008.[1]  *Id.* at 2 & n.1.  Plaintiff requests, specifically, that if the court grants defendant's motion for an extension of time to file the remand results, "Commerce be ordered to accept Thai I-Mei's October 30, 2008 submission, which the agency rejected as untimely filed."  *Id.* at 1.  Plaintiff's request that its submission of October 30, 2008 be accepted in its entirety for the administrative record is presented in its reply to defendant's motion for an extension of time but raises an issue beyond the scope of defendant's motion.  After consulting with the parties during a telephonic conference held on December 15, 2008, the court entered an order designating plaintiff's request as a separate motion, filed and served as of that date, and allowing defendant the full time provided in USCIT Rule 7(d) in which to file a response.  *See* Order, Dec. 15, 2008.

Defendant filed a response on January 5, 2009, in which it does not object to Commerce's examining the new factual information submitted by Thai I-Mei on October 30, 2008 but requests that the court limit the use of Thai I-Mei's submission of factual information to rebuttal of petitioner's factual submission.  Def.'s Resp. to Pl.'s Mot. to Refile 2-3.  While declining to take the position that this factual information should continue to be excluded from the administrative record, defendant argues that "[a]ny new factual information contained in Thai-I-Mei's October 30 submission should not be used for the calculation of the remand results because it would result in the supplementation of the administrative record without the equal

---

[1] The parties do not state whether petitioner availed itself of this opportunity to submit rebuttal comments.

opportunity for all interested parties." *Id*. at 2. Defendant argues that "[t]he fact that Commerce is developing an administrative record in the context of a remand from this Court does not mean that Commerce need not follow its own procedures," adding that "[r]ather, Commerce must adhere strictly to statutory procedures during remand proceedings." *Id.* Defendant does not identify any specific statutory procedure that would be violated were Commerce to place Thai I-Mei's October 30, 2008 submission on the administrative record and were Commerce to consider any factual information it contains when redetermining Thai I-Mei's constructed value profit rate.

Defendant further states, in support of its argument, that "it is ill-advised to accept additional information for actual use absent the opportunity for interested parties to rebut because Commerce determinations issued on remand are considered statutory interpretations that must be supported by substantial evidence and otherwise in accordance with law." *Id.* at 3. Defendant cites *Freeport Minerals Co. v. United States*, 758 F.2d 629, 632-34 (Fed. Cir. 1985) for the proposition that "Commerce determinations issued pursuant to final judgments of this Court are new determinations which are reviewable in the same manner as the original determination" and argues that, accordingly, the basis for remand determinations must be antidumping duty law. *Id.*

The court concludes that providing an extension of the time period for the filing of remand results in this proceeding will respond to Commerce's request for additional time and also will allow Commerce the opportunity to accept for the administrative record Thai I-Mei's previously-rejected factual information and to consider this information when redetermining Thai I-Mei's constructed value profit rate. The court does not find merit in defendant's request that the court, in entering an order adjudicating the two motions before it, limit Commerce's use of

this information to the rebuttal of the information submitted by the petitioner on October 20, 2008. The court sees no reason why the court's ruling on those motions should incorporate defendant's proposed limitation, or any other limitation, on Commerce's use of the information in question.

In issuing its Opinion and Order in *Thai I-Mei II*, the court intended that Commerce have access to information that is sufficient for the determination of a constructed value profit rate for Thai I-Mei that is based on a "reasonable method," as required by statute. *See* 19 U.S.C. § 1677b(e)(2)(B)(iii) (2000). Admitting to the administrative record plaintiff's October 30, 2008 submission, in the entirety, will provide Commerce with a more complete record from which to redetermine a constructed value profit rate for Thai I-Mei that is in accordance with law. Adopting defendant's proposed limitation on the use of that submission would require the court to delve into the merits of the remand proceeding prematurely, before the remand results are completed and filed with the court. Adopting defendant's proposed limitation also would require the court to examine the factual information in question, which is not appropriate at this stage of the remand proceeding. Moreover, the court perceives no need to resolve, at this time, the implied question to which defendant's proposed limitation appears to be directed.[2] The court will have the opportunity to address any issues arising from the new record information, and

---

[2] Plaintiff stated, in its reply to defendant's motion for a sixty-day extension for filing of the remand redetermination, that it attempted to place the additional factual information on the record "to clarify, rebut and correct the information submitted by the Domestic Industry [*i.e.*, the petitioner]." Pl.'s Resp. to Def.'s Mot. for Extension of Time to File Remand Results 2. In that submission, plaintiff expressed the view that this factual information was properly and timely submitted according to 19 C.F.R. § 351.301(c)(1), which provides generally that an interested party may submit factual information to rebut, clarify or correct factual information submitted by another interested party within ten days of the time the other party's information is served. *See id.* at 2 & n.2 (citing 19 C.F.R. § 351.301(c)(1) (2008)).

Commerce's consideration or use of it, when the remand results are under submission. Finally, defendant's citation to *Freeport Minerals Co.* does not support an argument that the court should limit the use that Commerce may make of the factual information after it is placed on the record. That case held that Commerce's published notice of partial revocation of an antidumping duty order was, in the circumstances of that case, subject to judicial review under § 1516a. *See Freeport Minerals Co.*, 758 F.2d at 632-34.

To govern this proceeding, the court has included in its order the proposed due dates to which both parties agreed pursuant to the court's December 15, 2009 telephonic conference. The court notes that these due dates allow for a significant extension of time beyond the dates originally requested in the parties' respective motions. Because Commerce rejected the factual information at issue based on timeliness, and because the court now is granting defendant more than an additional sixty days in which to file its remand results, Commerce's consideration of plaintiff's factual submission should not affect adversely Commerce's ability to comply with the court's new due date.

## **ORDER**

For the reasons stated in this Opinion and Order, and upon consideration of Defendant's Motion for Extension of Time to File Remand Results, Plaintiff's Response to Defendant's Motion for Extension of Time to File Remand Results, Defendant's Response to Plaintiff's Motion to Refile, and all other papers filed and proceedings herein, it is hereby:

**ORDERED** that defendant's motion to allow Commerce additional time to file remand results is granted; it is further

     **ORDERED** that, within two days of issuance of this Opinion and Order, Thai I-Mei may re-file with Commerce its submission originally filed on October 30, 2008, and that Commerce shall accept this submission in its entirety for admission to the administrative record; it is further

     **ORDERED** that defendant shall file its remand results in this case no later than March 20, 2009; it is further

     **ORDERED** that plaintiff may comment upon the remand results no later than April 20, 2009; and it is further

     **ORDERED** that defendant may respond to plaintiff's comments no later than May 20, 2009.

                         /s/ Timothy C. Stanceu
                         Timothy C. Stanceu
                         Judge

Dated:  January 21, 2009
        New York, New York